UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GARY TANNER,<br><br>                Plaintiff,<br><br>   v.<br><br>DEPARTMENT OF CORRECTIONS, TAMMY NIKULA, MARK SHERWOOD, JAMES GALLEGOS, SGT PATRICIA MCCARTY, CUS DENNIS CHERRY, PREA INVESTIGATORS,<br><br>                Defendants. | No. C12-5876 RBL/KLS<br><br>ORDER TO AMEND OR SHOW CAUSE |

Before the Court for review is Plaintiff's proposed civil rights complaint. ECF No. 5. Plaintiff has been granted leave to proceed *in forma pauperis*. ECF No. 4. The Court will not direct service of Plaintiff's complaint at this time because it is deficient. However, Plaintiff will be given an opportunity to file an amended complaint.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

ORDER TO AMEND OR SHOW CAUSE- 1

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id.* at 1974.

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Neither can the court supply essential facts that an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, "the complaint [must provide] 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Kimes v. Stone* 84 F.3d 1121, 1129 (9th Cir. 1996) (citations omitted). In addition, in order to obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that the particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

ORDER TO AMEND OR SHOW CAUSE- 2

To be liable for "causing" the deprivation of a constitutional right, the particular defendant must commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and which causes the plaintiff's deprivation. *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff purports to sue the Department of Corrections, five correction officers, and an unknown number of unnamed Prison Rape Elimination Act (PREA) investigators after Correction Officers Nikula and Sherwood "make inappropriate comments" to him in the presence of other inmates. ECF No. 5, p. 3. Plaintiff alleges that on February 7, 2012, Correction Officers Nikula and Sherwood laughed at him because he was unable to obtain a furlough to attend the Seattle Gay Parade. *Id.* Plaintiff also claims that during a September 14, 2012 search of his cell, Correction Officer Gallegos removed a magazine photo of Adam Lambert from his wall. Plaintiff admits that he "wrongfully took [this photo] out of his own magazine". He claims that Correction Officer Gallegos laughed at him and said "I took the picture of your gay boyfriend off the wall". When Plaintiff asked "Are you calling me a homosexual?", Correction Officer Gallegos replied "The proof was on your wall." ECF No. 5, at 25.

Plaintiff filed a PREA complaint and a criminal complaint with the Grays Harbor Sheriff's Office. It is unclear from the complaint whether these complaints covered both incidents referred to above. He also claims that he spent thirty days in the mental health infirmary during the PREA investigation. It is unclear whether the investigation covered both incidents referred to above. While Plaintiff was in the infirmary, his belongings were packed away and Plaintiff made a claim that some of his belongings were missing and/or stolen. In particular, he filed a state tort claim in the amount of $116.12 for the loss of headphones, ear buds, a power strip, an aqua sports watch, and a hot-pot. ECF No. 5, at 12.

ORDER TO AMEND OR SHOW CAUSE- 3

A criminal complaint was returned to the Intelligence & Investigations Unit for initial investigation. On May 14, 2012, Plaintiff was advised that the stated conduct did not qualify under PREA or any criminal activity and he was directed to file a Staff Misconduct Grievance. The tort claim was denied on June 5, 2012. *Id.*, at 13.

Plaintiff seeks a restraining order preventing retaliation from Correction Officers Nikula, Sherwood, and Gallegos; the amount of $116.00 for the replacement of his lost property; $250,000.00 for anguish, suffering, pain, and embarrassment; costs of copies, filing fees, and postage; an order directing an investigation into PREA/sexual harassment by Correction Officers; and payment for public disclosures in Case No. PDU-20172. *Id.*, at 3.

Based on the foregoing, Plaintiff has failed to state a claim under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 687 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

**A.     Inappropriate Comments**

Plaintiff alleges that defendants made derogatory and "inappropriate" comments regarding homosexuals and/or that he is a homosexual. However, allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997); *Rutledge v. Arizona Bd. Of Regents*, 660 F.2d 1345, 1353 (9th Cir. 1981), *aff'd sub nom. Kush v. Rutledge*, 460 U.S. 719 (1983); *see, e.g., Keenan v.*

ORDER TO AMEND OR SHOW CAUSE- 4

*Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended* 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate 8th Amendment); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (directing vulgar language at prisoner does not state constitutional claim); *Burton v. Livingston*, 791 F.2d 87, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right"); *Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975) (prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); *Batton v. North Carolina*, 501 F.Supp. 1173, 1180 (E.D.N.C. 1980) (mere verbal abuse by prison officials does not state claim under § 1983).

"Although prisoners have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards, see *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir.2000), the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment. See e.g., *Blueford v. Prunty*, 108 F.3d 251, 254-55 (9th Cir.1997) (holding that prison guard who engaged in 'vulgar same-sex trash talk' with inmates was entitled to qualified immunity); *Somers v. Thurman*, 109 F.3d 614, 624 (9th Cir.1997)." *Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

Based on the foregoing, Plaintiff has failed to state a constitutional violation based on his allegations of verbal abuse. He will be granted leave to amend or show cause why this claim should not be dismissed.

**B.     Damages for Pain and Suffering**

Plaintiff also seeks damages for pain and suffering but alleges no physical injury. The PLRA states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

ORDER TO AMEND OR SHOW CAUSE- 5

The physical injury requirement only applies to claims for mental and emotional injuries and does not bar an action for a violation of a constitutional right.  See *Oliver v. Keller*, 289 F.3d 623, 630 (9th Cir.2002).   As explained in *Oliver,* "§ 1997e(e) applies only to claims for mental and emotional injury. To the extent that appellant's claims for compensatory, nominal or punitive damages are premised on alleged Fourteenth Amendment violations, and not on emotional or mental distress suffered as a result of those violations, § 1997e(e) is inapplicable and those claims are not barred.  *Id.* at 630.

Here, Plaintiff seeks damages for mental and emotional suffering but alleges no physical injury.  His claim is not premised on any constitutional violation.  Therefore, his claim is barred by § 1997e(e).  He will be granted leave to amend or show cause why this claim should not be dismissed.

**C.  Property Claim**

Plaintiff seeks monetary damages in the amount of $116.00 for the return of personal property.  He filed a state tort claim in this amount for property he claims was lost or stolen while he was in the infirmary pending a PREA investigation.  ECF No. 5, at 12.

Plaintiff's property claim is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).  Neither the negligent deprivation of property nor the intentional deprivation of property states a claim under Section 1983 provided the deprivation was random and unauthorized.  *See Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled in part of other grds, Daniels v. Williams*, 474 U.S. 327, 330-31, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986) (state employee's negligent loss of prisoner's hobby kit did not state claim); *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (intentional destruction of inmate's property did not state claim).

ORDER TO AMEND OR SHOW CAUSE- 6

The availability of a state tort action to remedy such losses precludes relief under Section 1983 because it provides adequate procedural due process and therefore no constitutional right has been violated. *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir.1986). Under Washington law, prisoners may avail themselves of the DOC grievance process and/or file tort claims against the state for the unlawful loss or destruction of their personal property. *See* RCW 72.02.045 (state and/or state officials may be liable for the negligent or intentional loss of inmate property) and RCW 4.92.090 (state liable for the tortuous conduct of state officials). A prisoner does not have a right to a specific grievance procedure, as long as it is adequate, so that a defendant merely ruling against an inmate's grievance does not contribute to the underlying alleged deprivation. *See Gallaher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir.2009).

Plaintiff has failed to state a claim that is cognizable under 42 U.S.C. § 1983 because a state tort action was available to him for the loss of his personal property. Even though Plaintiff's tort claim was denied, he was provided adequate due process and therefore, no constitutional right has been violated.

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed no later than **November 9, 2012.** If Plaintiff chooses to amend his complaint, he must demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights. The complaint must allege in specific terms how each named defendant is involved. The amended complaint must set forth all of Plaintiff's factual claims, causes of action, and claims for relief. Plaintiff shall set forth his factual allegations **in separately numbered paragraphs** and shall allege with specificity the following:

ORDER TO AMEND OR SHOW CAUSE- 7

      (1)      the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

      (2)      the dates on which the conduct of each Defendant allegedly took place; and

      (3)      the specific conduct or action Plaintiff alleges is unconstitutional.

An amended complaint operates as a <u>complete</u> substitute for (rather than a mere supplement to) the present complaint. In other words, an amended complaint supersedes the original in its entirety, making the original as if it never existed. Therefore, reference to a prior pleading or another document is unacceptable – once Plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case.

Plaintiff shall present his complaint on the form provided by the Court. The amended complaint must be **legibly rewritten or retyped in its entirety**, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "Amended Complaint" and must contain the same cause number as this case. Plaintiff should complete all sections of the court's form. Plaintiff may attach continuation pages as needed but may not attach a separate document that purports to be his amended complaint. **Plaintiff is advised that he should make a short and plain statement of claims against the defendants. He may do so by listing his complaints in separately numbered paragraphs. He should include facts explaining how each defendant was involved in the denial of his rights.**

The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to the violation of Plaintiff's rights.

ORDER TO AMEND OR SHOW CAUSE- 8

If Plaintiff decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **November 9, 2012**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g).  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. 1983 civil rights complaint and for service.  The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff**.

**DATED** this   15th   day of October, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 9