UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GARY C. TANNER,

                  Plaintiff,

   v.

DEPARTMENT OF CORRECTIONS, TAMMY NIKULA, MARK SHERWOOD, SGT. PATRICIA MCCARTY, DENNIS CHERRY, PREA INVESTIGATORS,

                  Defendants.

No. C12-5876 RBL/KLS

SECOND ORDER TO AMEND OR SHOW CAUSE

On October 10, 2012, Plaintiff submitted a proposed civil rights complaint. ECF No. 5. The Court reviewed the complaint and found it to be deficient because Plaintiff had failed to state a 42 U.S.C. § 1983 claim for relief against the named defendants. ECF No. 6. In response, Plaintiff has submitted an Amended Complaint. ECF No. 9. The first portion of the amended complaint is eight pages long. In the relief section of the amended complaint, Plaintiff has stated "See Attached." Attached are an additional 32 pages consisting of six separate "Motion(s) Amended Complaint" wherein Plaintiff appears to have included additional facts, argument, and case authority as to his claims against each of the named Defendants. For the reasons set forth below, the Court declines to serve the amended complaint. However, Plaintiff will be given another opportunity to amend his complaint.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or

ORDER TO AMEND OR SHOW CAUSE- 1

employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic*, 550 U.S. at 555). Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Neither can the court supply essential facts that an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

The Court declines to direct service of the amended complaint because it is fragmented, in separate sections, and fails to state a short, plain statement of his claims. Before the Court will order service, Plaintiff must amend his complaint again and in this amendment, Plaintiff must state his claims *within* the amended complaint. Plaintiff must write out short, plain statements telling the Court (1) the constitutional right Plaintiff believes was violated; (2) name of the

ORDER TO AMEND OR SHOW CAUSE- 2

person who violated the right; (3) exactly what that individual did or failed to do; (4) how the action or inaction of that person is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of that person's conduct. See *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). If the person named as a defendant was a supervisory official, Plaintiff must either state that the defendant personally participated in the constitutional deprivation (and tell the Court the five things listed above), or Plaintiff must state, if he can do so in good faith, that the defendant was aware of the similar widespread abuses, but with deliberate indifference to Plaintiff's constitutional rights, failed to take action to prevent further harm to Plaintiff and also state facts to support this claim. See *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Plaintiff must repeat this process for each person he names as a defendant, including any "John Doe" defendants. For example, Plaintiff names "PREA Investigators" but does not name the individual investigators as defendants. He must do so. If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury suffered by Plaintiff, the claim against that defendant will be dismissed for failure to state a claim. Conclusory allegations that a defendant or group of defendants have violated a constitutional right are not acceptable and will be dismissed.

The Court has liberally construed and summarized Plaintiff's 40 page complaint. The complaint is lengthy, disjointed, and confusing. Generally speaking, Plaintiff alleges that "each defendant listed in this action" has discriminated against him based on his "untreated mental illness" and his "perceived sexual orientation." ECF No. 9, p. 4.

ORDER TO AMEND OR SHOW CAUSE- 3

Plaintiff claims that unidentified medical staff terminated his psychotropic medications in deliberate indifference to an obvious medical need.  Due to the lack of medications, Plaintiff engaged in behavior which led to twenty-one disciplinary infractions in a few weeks.  He claims that unidentified individuals failed to investigate his behavior.  *Id.*

Plaintiff also claims that when he approached his living unit custody officers to "engage in a conversation …about a topic that [he] felt was necessary to discuss," Defendant Nikula stated, "Get your gay ass away from me."  Defendant Sherwood laughed at this.  When Plaintiff objected, he was told to "cell-in."  ECF No. 9, pp. 5-6.

The Court previously advised Plaintiff that allegations of verbal harassment, even if sexual in nature, are not sufficient to state a claim cognizable under 42 U.S.C. § 1983.  *See Freeman v.Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997); *Rutledge v. Arizona Bd. Of Regents*, 660 F.2d 1345, 1353 (9th Cir. 1981), *aff'd sub nom. Kush v. Rutledge*, 460 U.S. 719 (1983); *see, e.g., Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended* 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate 8th Amendment); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (directing vulgar language at prisoner does not state constitutional claim); *Burton v. Livingston*, 791 F.2d 87, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right"); *Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975) (prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); *Batton v. North Carolina*, 501 F.Supp. 1173, 1180 (E.D.N.C. 1980) (mere verbal abuse by prison officials does not state claim under § 1983).

"Although prisoners have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards, see *Schwenk v. Hartfor*d, 204 F.3d 1187, 1197 (9th Cir.2000),

ORDER TO AMEND OR SHOW CAUSE- 4

the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment." See e.g., *Blueford v. Prunty*, 108 F.3d 251, 254-55 (9th Cir.1997) (holding that prison guard who engaged in 'vulgar same-sex trash talk' with inmates was entitled to qualified immunity); *Somers v. Thurman*, 109 F.3d 614, 624 (9th Cir.1997)." *Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

Plaintiff insists that his claim is not one of sexual harassment, but is a claim of discrimination based on sexual orientation and mental illness, in violation of the Equal Protection Clause. *See, e.g.,* ECF No. 9, p. 4.   In the following paragraphs, the legal standards that appear to apply to Plaintiff's claims are set forth.  Plaintiff should carefully review the standards and allege only those claims that he believes, in good faith, are cognizable.

A.      **Equal Protection**

 "To state a claim under § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with intent to discriminate against the plaintiff based upon membership in a protected class." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir.2001) (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998)).

Plaintiff claims that he was discriminated against on the basis of his mental illness and his sexual orientation.  Neither mental illness nor sexual orientation are suspect or quasi-suspect classes.  The federal courts do not treat mental illness as a suspect or quasi-suspect class.  See *Heller v. Doe by Doe*, 509 U.S. 312, 321, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993) ("We have applied rational-basis review in previous cases involving the mentally retarded and the mentally ill.").  Similarly, while the recognized class of "homosexual persons or gays and lesbians" is protected from discrimination by the Equal Protection Clause of the Fourteenth Amendment, see

ORDER TO AMEND OR SHOW CAUSE- 5

*Romer v. Evans,* 517 U.S. 620, 631-36, 116 S.Ct. 1620, 134 L.Ws.2d 855 (1996), homosexuals do not constitute a "suspect or quasi-suspect class" entitled to heightened equal protection scrutiny.  The government may defeat allegations that one was discriminated against on the basis of mere status as a homosexual only if it can establish that the discriminatory regulation, policy or practice bears a rational relation to legitimate governmental purposes.  See *High Tech Gays v. Defense Indus. Security Clearance Office,* 895 F.2d 563, 571-74 (9th Cir. 1990); *Romer,* 517 U.S. at 633-36.

In the context of prisons, a regulation, policy or practice that discriminates against the mentally ill or homosexuals will not survive unless it is "reasonably related to legitimate penological interests."  See *Turner v. Safley,* 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987).

In addition, Plaintiff must allege that the defendant or defendants acted with intent to discriminate against him and that their acts were motivated by discriminatory animus.  *Id*. Alleging facts that prove that the defendants acted knowingly or that the defendants acted with deliberate indifference is not sufficient to support an equal protection claim.  *See Id.* at 684. Similarly, "[v]erbal harassment or abuse ... is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir.1987) (quoting *Collins v. Cundy,* 603 F.3d 825, 827 (10th Cir.1979)).  Neither is a "showing that different persons are treated differently" sufficient, "without more, to show a denial of equal protection." *Griffin v. County School Bd. of Prince Edward County*, 377 U.S. 218, 230, 84 S.Ct. 1226, 12 L.Ed.2d 256.  However, if words are coupled with disparate impact, this can allow for an inference of discriminatory animus.  See *Sischo–Nownejad v. Merced Community College Dist.*, 934 F.2d 1104, 1112 (9th Cir.1991).

ORDER TO AMEND OR SHOW CAUSE- 6

### B.     Retaliation

When a prisoner alleges retaliation, he must prove five elements: (1) that he was subjected to adverse action; (2) the adverse action was imposed because of certain conduct; (3) the conduct that gave rise to the adverse action is legally protected; (4) the adverse action chilled the prisoner's speech; and (5) the adverse action did not advance a legitimate penological goal. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). Plaintiff must also show that the retaliation was the substantial or motivating factor behind the conduct of the prison official. *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977); *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009). The prisoner must also show his First Amendment rights were actually chilled by the retaliatory action. *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005).

Because claims of retaliation are easy for inmates to allege, courts examine such claims with skepticism to avoid interfering too much with prison operations. *See Canell v. Multnomah County*, 141 F. Supp. 2d 1046, 1059 (D. Or. 2001) (quoting *Adams v. Rice*, 40 F.3d 72, 74 [4th Cir. 1994]). Furthermore, courts should review prisoner retaliation claims in light of the United States Supreme Court's "disapproval of excessive judicial involvement in day-to-day prison management." *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995)(citing *Sandin*, 515 U.S. at 482).

Plaintiff pleads generally that he was subjected to retaliation for filing the PREA complaint. See ECF NO. 9, p. 18. To the extent Plaintiff seeks to pursue a claim of retaliation, he must allege facts showing that (1) he was subjected to adverse action; (2) the adverse action was imposed because of certain conduct; (3) the conduct that gave rise to the adverse action is

ORDER TO AMEND OR SHOW CAUSE- 7

legally protected; (4) the adverse action chilled the prisoner's speech; and (5) the adverse action did not advance a legitimate penological goal.

### C. Eighth Amendment – Medical Care

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) the violation of a right secured by the Constitution and laws of the United States, and (2) the deprivation was committed by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams*, 474 U.S. 327, 330–31, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)); *Leer v. Murphy*, 844 F.2d 628, 632–33 (9th Cir.1988).

To establish a constitutional violation under the Eighth Amendment due to inadequate medical care, a plaintiff must show "deliberate indifference" by prison officials to a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); Estelle, 429 U.S. at 106. Once a serious medical need is shown, the inmate must show the defendant's response to the medical need was "deliberately indifferent." *Estelle*, 429 U.S. at 104. Deliberate indifference to a prisoner's medical needs is defined by the Court as the "unnecessary and wanton infliction of pain." *Id*. Indifference proscribed by the Eighth Amendment may be manifested by a prison doctor's response to the prisoner's need, by the intentional denying or delaying access to medical care, or the intentional interference with treatment once prescribed. *Id.* However, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

The court applies an objective test and a subjective test in assessing claims of deliberate indifference. *Helling v. McKinney*, 509 U.S. 25, 36, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993).

ORDER TO AMEND OR SHOW CAUSE- 8

Under the objective test, the plaintiff must show the claimed deliberate indifference of medical personnel is "incompatible with the evolving standards of decency." *Estelle*, 429 U.S. at 103. In prison condition cases such as this, the subjective test requires an "inquiry into a prison official's state of mind when it is claimed that the official has inflicted cruel and unusual punishment." *Farmer v. Brennan*, 511 U.S. 825, 838, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 299, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). To satisfy the subjective test, an inmate must establish that prison officials acted "recklessly" by exhibiting "a conscious disregard to a substantial risk of serious harm," given the context of the alleged violation and the constraints facing the officials. *Id.* If one of these components is not established, the court need not inquire as to the existence of the other. *Helling*, 509 U.S. at 35.

Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Further, mere indifference, medical malpractice, or negligence will not support a cause of action under the Eighth Amendment. *Broughton v. Cutter Lab.*, 622 F.2d 458, 460 (9th Cir. 1980).

Plaintiff claims that unidentified medical staff terminated his psychotropic medications in deliberate indifference to an obvious medical need. Due to the lack of medications, Plaintiff engaged in behavior which led to twenty-one disciplinary infractions in a few weeks. He claims that unidentified individuals failed to investigate his behavior. ECF No. 9, p. 4. This is not sufficient to state a claim of deliberate indifference to a serious medical need. Plaintiff must allege facts to further support this claim to describe who terminated his medication, the nature of his medical need, and how the person or persons named were deliberately indifferent to a serious medical need.

ORDER TO AMEND OR SHOW CAUSE- 9

**D.     Access to Courts**

In one of the supplements attached to his Amended Complaint, Plaintiff appears to be alleging that he was denied access to the courts either because he was denied paperwork or because he was not allowed to pursue a grievance.  See ECF No. 9, p. 12.  The due process clause of the United States Constitution guarantees prisoners the right of meaningful access to the courts.  *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977).  This right of access imposes an affirmative duty on prison officials to assist inmates in preparing and filing legal papers, either by establishing an adequate law library or by providing adequate assistance from persons trained in the law.  *Id*. at 828.  A prisoner must show some actual injury resulting from a denial of access in order to allege a constitutional violation.  *Lewis v. Casey*, 518 U.S. 343, 349, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).  An actual injury consists of some specific instance in which an inmate was actually denied meaningful access to the courts.  *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir.1989).

If Plaintiff intends to pursue an access to courts claim, he must allege facts showing that Defendants knew that he was involved in active, non-frivolous litigation and that he suffered an actual injury because of the acts of Defendants, i.e., that he missed a court imposed deadline, defaulted on any of his cases, or was prevented from seeking a continuance.

## CONCLUSION

Due to the deficiencies described above, the Court will not serve the complaint.  Plaintiff may file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed no later than **February 1, 2013.**  If Plaintiff chooses to amend his complaint, he must demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights.  The complaint must allege in specific terms

ORDER TO AMEND OR SHOW CAUSE- 10

how each named defendant is involved. The amended complaint must set forth all of Plaintiff's factual claims, causes of action, and claims for relief. Plaintiff shall set forth his factual allegations **in separately numbered paragraphs** and shall allege with specificity the following:

    (1)    the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

    (2)    the dates on which the conduct of each Defendant allegedly took place; and

    (3)    the specific conduct or action Plaintiff alleges is unconstitutional.

An amended complaint operates as a <u>complete</u> substitute for (rather than a mere supplement to) the present complaint. In other words, an amended complaint supersedes the original in its entirety, making the original as if it never existed. Therefore, reference to a prior pleading or another document is unacceptable – once Plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case.

Plaintiff shall present his complaint on the form provided by the Court. The amended complaint must be **legibly rewritten or retyped in its entirety**, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "Amended Complaint" and must contain the same cause number as this case. Plaintiff should complete all sections of the court's form. Plaintiff may attach continuation pages as needed **but may not attach a separate document** that purports to be his amended complaint. **Plaintiff is advised that he should make a short and plain statement of claims against the defendants. He may do so by listing his complaints in separately numbered paragraphs. He should include facts explaining how each defendant was involved in the denial of his rights.**

ORDER TO AMEND OR SHOW CAUSE- 11

The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to the violation of Plaintiff's rights.

If Plaintiff decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **February 1, 2013**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g).  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. 1983 civil rights complaint and for service.  The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff**.

**DATED** this  18th  day of January, 2013.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 12