UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GARY C. TANNER,

                            Plaintiff,

        v.

DEPARTMENT OF CORRECTIONS,
TAMMY NIKULA, MARK SHERWOOD,
JAMES GALLEGOS, SGT PATRICIA
MCCARTY, CUS DENNIS CHERRY,
PREA INVESTIGATORS,

                            Defendants.

No. C12-5876 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted For: April 19, 2013**

        On October 10, 2012, Plaintiff submitted a proposed civil rights complaint. ECF No. 5.
The Court reviewed the complaint and found it to be deficient because Plaintiff had failed to
state a 42 U.S.C. § 1983 claim for relief against the named defendants. ECF No. 6. In response,
Plaintiff filed an amended complaint. ECF No. 9. The amended complaint is also deficient and
the Court declined to serve it, but gave Plaintiff another opportunity to show cause or amend his
complaint. ECF No. 10. On February 5, 2013, after his deadline had passed, Plaintiff requested
a thirty day extension of time to comply with the Court's Order. ECF No. 11. The Court granted
the extension until March 11, 2013. ECF No. 12.

        Plaintiff did not file an amended complaint or otherwise respond to the Court's Order
within the extended deadline. This action should be dismissed because Plaintiff has failed to
state a claim upon which relief may be granted under 28 U.S.C. 1983. The dismissal should be
counted as a strike pursuant to 28 U.S.C. § 1915(g).

REPORT AND RECOMMENDATION - 1

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic*, 550 U.S. at 555). Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Neither can the court supply essential facts that an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

The Court liberally construed and summarized Plaintiff's 40 page complaint. The complaint is lengthy, disjointed, and confusing. The first portion of the amended

REPORT AND RECOMMENDATION - 2

complaint is eight pages long.  In the relief section of the amended complaint, Plaintiff has stated "See Attached." Attached are an additional 32 pages consisting of six separate "Motion(s) Amended Complaint" wherein Plaintiff appears to have included additional facts, argument, and case authority as to his claims against each of the named Defendants.  Generally speaking, Plaintiff alleges that "each defendant listed in this action" has discriminated against him based on his "untreated mental illness" and his "perceived sexual orientation."  ECF No. 9, p. 4.  Plaintiff claims that unidentified medical staff terminated his psychotropic medications in deliberate indifference to an obvious medical need.  Due to the lack of medications, Plaintiff engaged in behavior which led to twenty-one disciplinary infractions in a few weeks.  He claims that unidentified individuals failed to investigate his behavior.  *Id.*

Plaintiff also claims that when he approached his living unit custody officers to "engage in a conversation …about a topic that [he] felt was necessary to discuss," Defendant Nikula stated, "Get your gay ass away from me."  Defendant Sherwood laughed at this.  When Plaintiff objected, he was told to "cell-in."  ECF No. 9, pp. 5-6.

In its first Order to Amend or Show Cause, the Court advised Plaintiff that allegations of verbal harassment, even if sexual in nature, are not sufficient to state a claim cognizable under 42 U.S.C. § 1983.  ECF No. 6, pp. 4-5 (internal citations omitted).  In his Amended Complaint, Plaintiff insists that his claim is not one of sexual harassment, but is a claim of discrimination based on sexual orientation and mental illness, in violation of the Equal Protection Clause.  *See, e.g.,* ECF No. 9, p. 4.  Therefore, in its Second Order to Amend or Show Cause, the Court set forth the legal standards that appear to apply to Plaintiff's claims.  Plaintiff was advised to carefully review the standards and allege only those claims that he believes, in good faith, are cognizable.

REPORT AND RECOMMENDATION - 3

## A.    Equal Protection

"To state a claim under § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with intent to discriminate against the plaintiff based upon membership in a protected class." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir.2001) (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998)).

Plaintiff claims that he was discriminated against on the basis of his mental illness and his sexual orientation.  He was advised that neither mental illness nor sexual orientation are suspect or quasi-suspect classes.  The federal courts do not treat mental illness as a suspect or quasi-suspect class.  See *Heller v. Doe by Doe*, 509 U.S. 312, 321, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993) ("We have applied rational-basis review in previous cases involving the mentally retarded and the mentally ill.").  Similarly, while the recognized class of "homosexual persons or gays and lesbians" is protected from discrimination by the Equal Protection Clause of the Fourteenth Amendment, see *Romer v. Evans,* 517 U.S. 620, 631-36, 116 S.Ct. 1620, 134 L.Ws.2d 855 (1996), homosexuals do not constitute a "suspect or quasi-suspect class" entitled to heightened equal protection scrutiny.  The government may defeat allegations that one was discriminated against on the basis of mere status as a homosexual only if it can establish that the discriminatory regulation, policy or practice bears a rational relation to legitimate governmental purposes.  See *High Tech Gays v. Defense Indus. Security Clearance Office,* 895 F.2d 563, 571-74 (9th Cir. 1990); *Romer,* 517 U.S. at 633-36.

In the context of prisons, a regulation, policy or practice that discriminates against the mentally ill or homosexuals will not survive unless it is "reasonably related to legitimate

REPORT AND RECOMMENDATION - 4

penological interests."  See *Turner v. Safley,* 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987).

Plaintiff was advised that he must allege that the defendant or defendants acted with intent to discriminate against him and that their acts were motivated by discriminatory animus. *Id.* Alleging facts that prove that the defendants acted knowingly or that the defendants acted with deliberate indifference is not sufficient to support an equal protection claim. *See id.* at 684. Similarly, "[v]erbal harassment or abuse ... is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir.1987) (quoting *Collins v. Cundy,* 603 F.3d 825, 827 (10th Cir.1979)).  Neither is a "showing that different persons are treated differently" sufficient, "without more, to show a denial of equal protection." *Griffin v. County School Bd. of Prince Edward County*, 377 U.S. 218, 230, 84 S.Ct. 1226, 12 L.Ed.2d 256.  However, if words are coupled with disparate impact, this can allow for an inference of discriminatory animus.  See *Sischo–Nownejad v. Merced Community College Dist.*, 934 F.2d 1104, 1112 (9th Cir.1991).

Plaintiff was given ample opportunity to amend this claim or to show cause why it should not be dismissed.  He has failed to do so and the claim should be dismissed.

## B.    Retaliation

Plaintiff pleads generally that he was subjected to retaliation for filing a Prison Rape Elimination Act (PREA) complaint.  See ECF No. 9, p. 18.  Plaintiff was advised that if he chose to purse a claim of retaliation, he must allege facts showing that (1) he was subjected to adverse action; (2) the adverse action was imposed because of certain conduct; (3) the conduct that gave rise to the adverse action is legally protected; (4) the adverse action chilled the prisoner's speech; and (5) the adverse action did not advance a legitimate penological goal.  *Rhodes v. Robinson*,

REPORT AND RECOMMENDATION - 5

408 F.3d 559, 567 (9th Cir. 2005).  Plaintiff must also show that the retaliation was the

substantial or motivating factor behind the conduct of the prison official.  *Mt. Healthy City Bd. of*

*Educ. v. Doyle*, 429 U.S. 274 (1977); *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009).

The prisoner must also show his First Amendment rights were actually chilled by the retaliatory

action.  *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005).

       Plaintiff was given ample opportunity to amend this claim or to show cause why it should

not be dismissed.  He failed to do so and this claim should be dismissed.

### C.       Eighth Amendment – Medical Care

       Plaintiff claims that unidentified medical staff terminated his psychotropic medications in

deliberate indifference to an obvious medical need.  Due to the lack of medications, Plaintiff

engaged in behavior which led to twenty-one disciplinary infractions in a few weeks.  He claims

that unidentified individuals failed to investigate his behavior.  ECF No. 9, p. 4.

       Plaintiff was advised that the foregoing allegations did not state a claim of deliberate

indifference to a serious medical need.  He was advised to allege facts to further support this

claim to describe who terminated his medication, the nature of his medical need, and how the

person or persons named were deliberately indifferent to a serious medical need.

       To establish a constitutional violation under the Eighth Amendment due to inadequate

medical care, a plaintiff must show "deliberate indifference" by prison officials to a "serious

medical need."  *Estelle v. Gamble*, 429 U.S. 97, 104, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976);

*Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).  Once a serious

medical need is shown, the inmate must show the defendant's response to the medical need was

"deliberately indifferent."  *Estelle*, 429 U.S. at 104.  Deliberate indifference to a prisoner's

medical needs is defined by the Court as the "unnecessary and wanton infliction of pain."  *Id*.

Indifference proscribed by the Eighth Amendment may be manifested by a prison doctor's response to the prisoner's need, by the intentional denying or delaying access to medical care, or the intentional interference with treatment once prescribed. *Id.* However, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

The court applies an objective test and a subjective test in assessing claims of deliberate indifference. *Helling v. McKinney*, 509 U.S. 25, 36, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). Under the objective test, the plaintiff must show the claimed deliberate indifference of medical personnel is "incompatible with the evolving standards of decency." *Estelle*, 429 U.S. at 103. In prison condition cases such as this, the subjective test requires an "inquiry into a prison official's state of mind when it is claimed that the official has inflicted cruel and unusual punishment." *Farmer v. Brennan*, 511 U.S. 825, 838, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 299, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). To satisfy the subjective test, an inmate must establish that prison officials acted "recklessly" by exhibiting "a conscious disregard to a substantial risk of serious harm," given the context of the alleged violation and the constraints facing the officials. *Id.* If one of these components is not established, the court need not inquire as to the existence of the other. *Helling*, 509 U.S. at 35.

Plaintiff was given ample opportunity to amend this claim or to show cause why it should not be dismissed. He failed to do so and this claim should be dismissed.

**D.      Access to Courts**

In one of the supplements attached to his Amended Complaint, Plaintiff appears to allege that he was denied access to the courts either because he was denied paperwork or because he was not allowed to pursue a grievance. See ECF No. 9, p. 12. The due process clause of the

REPORT AND RECOMMENDATION - 7

United States Constitution guarantees prisoners the right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). This right of access imposes an affirmative duty on prison officials to assist inmates in preparing and filing legal papers, either by establishing an adequate law library or by providing adequate assistance from persons trained in the law. *Id*. at 828. A prisoner must show some actual injury resulting from a denial of access in order to allege a constitutional violation. *Lewis v. Casey*, 518 U.S. 343, 349, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). An actual injury consists of some specific instance in which an inmate was actually denied meaningful access to the courts. *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir.1989).

Plaintiff was advised that if he intended to pursue an access to courts claim, he must allege facts showing that Defendants knew that he was involved in active, non-frivolous litigation and that he suffered an actual injury because of the acts of Defendants, i.e., that he missed a court imposed deadline, defaulted on any of his cases, or was prevented from seeking a continuance. Although he was given ample opportunity to do so, he did not amend this claim or show cause why it should not be dismissed. Therefore, this claim should be dismissed.

### CONCLUSION

Plaintiff was previously advised that he failed to assert denial of a right secured by the Constitution or laws of the United States. Although Plaintiff was given ample opportunity to file an amended complaint, he has failed to state a cognizable claim pursuant to 42 U.S.C. § 1983. Accordingly, it is recommended that this case **dismissed without prejudice and that the dismissal be counted as a strike pursuant to 28 U.S.C. § 1915(g).**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written

REPORT AND RECOMMENDATION - 8

objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 19, 2013,** as noted in the caption.


        **DATED** this  28th  day of March, 2013.


                                        Karen L. Strombom
                                        United States Magistrate Judge

REPORT AND RECOMMENDATION - 9